IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





No. WR-46,749-03





EX PARTE DANIEL ANGEL PLATA







ON APPLICATION FOR WRIT OF HABEAS CORPUS


IN CAUSE NO. 693143-C FROM THE


351ST JUDICIAL DISTRICT COURT OF HARRIS COUNTY





Per curiam.


O R D E R



 This is a subsequent application for a writ of habeas corpus filed pursuant to Texas Code
of Criminal Procedure, Article 11.071, Section 5.

 Applicant was convicted of capital murder on October 14, 1996, and the jury answered
the special issues submitted pursuant to Texas Code of Criminal Procedure, Article 11.071,
in favor of the State. In accordance with the jury's answers, the trial court sentenced Applicant
to death. We affirmed the conviction and sentence in an unpublished opinion, Plata v. State,
No. 72,639 (Tex. Crim. App. July 8, 1998), and Applicant's initial Article 11.071 application
for writ of habeas corpus was denied in an unpublished order, Ex parte Plata, No. WR-46,749-01 (Tex. Crim. App. Oct. 4, 2000).

 Applicant filed a subsequent habeas writ application on July 18, 2003, asserting that he
is mentally retarded and cannot be executed after the United States Supreme Court's decision
in Atkins v. Virginia, 536 U.S. 304 (2002) (holding that the death penalty is excessive
punishment for a mentally retarded criminal). We determined that this claim met the
requirements for consideration under Article 11.071, Section 5, and remanded the matter to
the trial court for resolution. Ex parte Plata, No.46,749-02 (Tex. Crim. App. Sep. 29, 2004). 


 While Applicant's first subsequent habeas writ application was pending in the trial court
on remand, he filed a second subsequent habeas writ application. Applicant asserts in this
second subsequent application that he is entitled to a new trial regarding guilt and punishment
because his rights under the Vienna Convention were violated. This Court has reviewed
Applicant's second subsequent application under Article 11.071, Section 5, and we conclude
that it fails to meet one of the exceptions provided for in the statute. Applicant's second
subsequent application is therefore dismissed. See Ex parte Medellin, 223 S.W.3d 315 (Tex.
Crim. App. 2006). 

 IT IS SO ORDERED THIS THE 16TH DAY OF JANUARY, 2008.

Do Not Publish